IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN MONTGOMERY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-1154 |
| CROTHALL HEALTHCARE, INC., | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

On February 24, 2022, this Court referred this employment discrimination case to Magistrate Judge J. Mark Coulson for a ruling on Defendant Crothall Healthcare, Inc.'s ("Defendant" or "Crothall") Motion for Protective Order.[1] (ECF No. 30.) On February 25, 2022, Judge Coulson issued an Order granting in part and denying in part Defendant's motion. (ECF No. 31.) Specifically, Judge Coulson ordered Plaintiff Steven Montgomery's ("Plaintiff" or "Montgomery") Rule 30(b)(6)[2] deposition of Defendant's corporate designee could go forward even though the discovery deadline had passed. (ECF No. 31 at 2.) Judge Coulson also ordered that while Plaintiff would be precluded from inquiring as to 30(b)(6)

---

[1] This case was originally referred to Magistrate Judge Hurson for consideration of Defendant's Motion for Protective Order. (ECF No. 29.) It was then reassigned to Judge Coulson.

[2] "Rule 30(b)(6) provides that persons designated to represent an organization 'shall testify as to matters known or reasonably available to the organization.'" *Pandora Jewelry, LLC v. Chamilia, LLC*, No. CCB-06-3041, 2008 U.S. Dist. LEXIS 79232, at *21 (D. Md. Sep. 30, 2008) (citing Fed. R. Civ. P. 30(b)(6)). This means that Defendant "is obligated to produce one or more 30(b)(6) witnesses who were thoroughly educated about the noticed deposition topics with respect to any and all facts known to it or its counsel." *Int'l Ass'n of Machinists and Aerospace Workers v. Werner-Masuda (IAMAW)*, 390 F. Supp. 2d 479, 487 (D. Md. 2005); *see also Pandora Jewelry*, 2008 U.S. Dist. LEXIS 79232, at *22.

1

Topic 8, he would be allowed to inquire into Topics 7 and 9, subject to certain limitations set forth in the Order. (ECF No. 31 at 2-4.) Judge Coulson also noted that "if the parties believe it is necessary to postpone the dispositive motions deadline, they should alert the Court, preferably by joint motion, to extend the deadline." (*Id.* at 2.) No such motion was filed.

On March 1, 2022, Defendant filed a Motion for Summary Judgment. (ECF No. 32.) On March 8, 2022, Defendant filed its objections to Judge Coulson's Order.[3] (ECF No. 33.) On March 10, 2022, Plaintiff filed a motion for extension of time to respond to Defendant's motion for summary judgment on the ground that under the Local Rules of this Court, Plaintiff would need to respond to the motion before Defendant's objections to Judge Coulson's discovery order had been briefed and decided. (ECF No. 34; *see also* Local Rule 105.2 (D. Md. 2021).) Defendant opposes Plaintiff's motion for extension for time on the grounds that it believes that this Court "can chew gum and walk at the same time"[4] such that Plaintiff should have to file his response in opposition to the motion for summary judgment before this Court rules on the objections to Judge Coulson's Order. (ECF No. 35 at 3.)

The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendant's objections to Judge Coulson's Order (ECF No. 33) are OVERRULED, and Judge Coulson's Order (ECF No. 31) is AFFIRMED. Defendant's motion for summary judgment (ECF No. 32) is DENIED

---

[3] Defendant's objections are styled as a Motion for Other Relief. (ECF No. 33.) That motion is DENIED for the same reasons Defendant's objections are overruled.

[4] The Oxford English Dictionary defines the phrase "to walk and chew gum at the same time" as "to perform two simple tasks at the same time. Chiefly in negative contexts, implying lack of ability, competence, or wherewithal." *Walk*, Oxford English Dictionary, Online Edition (March 2022).

WITHOUT PREJUDICE, subject to renewal upon completion of the discovery addressed in Judge Coulson's Order. Plaintiff's motion for extension of time (ECF No. 34) is MOOT.

## STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure, a "pretrial matter not dispositive of a party's claim or defense" may be referred to a magistrate judge for resolution. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a); *Mvuri v. Am. Airlines, Inc.*, 776 F. App'x 810, 810 (4th Cir. 2019) (per curiam). When reviewing a magistrate judge's findings, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party opposes the magistrate judge's order, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2019); *United Bank v. Buckingham*, 301 F. Supp. 3d 547, 551 (D. Md. 2018); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011). In performing this review, the court may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636.

The clearly erroneous standard does not permit the reviewing court to ask whether the magistrate judge's ruling "is the best or only conclusion permissible based on the evidence" or to "substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010); *see Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Instead, a "finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed.'" *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (quoting *Anderson*, 470 U.S. at 573, 105 S.Ct. 1504). An order is contrary to law if it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Sandoval v. Starwest Servs., LLC*, 1:17-cv-01053 (AJT/TCB), 2018 WL 2426269, at *1 (E.D. Va. Feb. 16, 2018) (citation omitted).

A magistrate judge's resolution of a discovery dispute is typically accorded substantial deference. *See Stone*, 356 F. Supp. 3d at 511; *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 n.5 (E.D. Va. 2010) (collecting cases). The objecting party carries a heavy burden in persuading a district court to disturb a magistrate judge's ruling on a discovery matter. *See Stone*, 356 F. Supp. 3d at 511; *see also* 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 3069 (3d ed. 2019) (noting that review of a magistrate's discovery ruling "might better be characterized as suitable for an abuse-of-discretion analysis").

## ANALYSIS

### I. Defendant's Objections to the Magistrate Judge's Ruling on Rule 30(b)(6) Deposition Topics

There is no basis to disturb Judge Coulson's ruling on Defendant's motion for protective order. As an initial matter, Defendant objects only to Judge Coulson's rulings on topics 7 and 9. As to both Topics 7 and 9, the record reflects that Defendant has identified no aspect of Judge Coulson's Order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Instead, Defendant's objections simply demonstrate disagreements with Judge Coulson's conclusions. As Judge Chasanow of this Court has noted, "[i]t is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the

4

magistrate judge." *Berman v. Cong. Towers Ltd. P'ship*, 325 F. Supp. 2d 590, 592 (D. Md. 2004). Accordingly, Defendant's objections to Judge Coulson's Order (ECF No. 33) are OVERRULED.

## II. Scheduling and Dispositive Motions

As this Court has determined that Plaintiff's Rule 30(b)(6) deposition of Defendant's corporate designee may go forward, Defendant's motion for summary judgment (ECF No. 34) is premature. *See, e.g.*, *Norris v. PNC Bank, N.A.*, No. ELH-20-3315, 2021 U.S. Dist. LEXIS 220079, at *1 (D. Md. Nov. 12, 2021) ("In light of the recent disposition of discovery disputes between the parties, I shall deny the defendants' motions for summary judgment as premature, and without prejudice to their right to submit such motions at a later time, in accordance with a new motions deadline."). Accordingly, Defendant's motion for summary judgment (ECF No. 34) is DENIED WITHOUT PREJUDICE, subject to renewal after the completion of the discovery addressed in Judge Coulson's Order. The parties shall meet and confer and submit to this Court by noon on Wednesday, March 23, 2022 a joint proposed order modifying the schedule in this case. Plaintiff's motion to extend time (ECF No. 34) is therefore MOOT.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 16th day of March, 2022 that:

1. Defendant's objections to Judge Coulson's Order (ECF No. 33) are OVERRULED, and Judge Coulson's Order (ECF No. 31) is AFFIRMED;

2. Defendant's Motion for Summary Judgment (ECF No. 32) is DENIED WITHOUT PREJUDICE;

3. The parties shall submit to this Court by noon on Wednesday, March 23, 2022 a joint proposed order modifying the schedule in this case in accordance with this Memorandum Order;

4. Plaintiff's Motion to Extend Time (ECF No. 34) is MOOT.

_____/s/_____

Richard D. Bennett
United States District Judge