IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STEVEN MONTGOMERY**, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No: 1:20-cv-01154-JRR |
| **CROTHALL HEALTHCARE, INC.**, | | |
| | * | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Determine the Sufficiency of Defendant's Responses and Objections to Plaintiff's First Requests for Admissions and for Costs and Attorneys' Fees. (ECF No. 61). The Court has also reviewed Defendant's Opposition (ECF No. 63), Plaintiff's Reply (ECF No. 69) and Defendant's Sur-Reply (ECF No. 72). The Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). As discussed below, Plaintiff's Motion (ECF No 61) is denied.

**I.   Background**

Plaintiff, a former employee of Defendant, left his employment in June of 2014. According to the Complaint, the parties offered different reasons at the time of Plaintiff's separation as to the circumstances leading to Plaintiff's departure. Defendant asserted that Plaintiff voluntarily resigned, while Plaintiff brought a charge for unlawful involuntary termination due to sex discrimination. (ECF No. 1 at 5-6). That charge was dismissed as unfounded by the Maryland Commission on Civil Rights (the "Commission") in April of 2015. *Id*. at 7. Neither that charge nor the circumstances underlying it were further litigated, nor are they currently before this Court.

Subsequently, in 2016 and 2017, Plaintiff sought re-employment with Defendant on three separate occasions. *Id*. at 8-9; (ECF No. 23, Ex. 1 at 2). According to Plaintiff, Defendant's manager informed him that he was designated "ineligible for rehire" in Defendant's computer system, and that status prevented his re-employment. (ECF No. 1 at 8-9; ECF No. 23, Ex. 1 at 5). In this lawsuit, Plaintiff contends that his ineligibility for rehire was in retaliation for filing his earlier (unsuccessful) sex discrimination charge against Defendant in 2014. (ECF No. 1 at 9).

## II.     Legal Standard

Requests for Admission are governed by Rule 36 of the Federal Rules of Civil Procedure. "Rule 36(a)'s primary purposes are 'to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'" *Erie Ins. Prop. & Cas. Co. v. Johnson, et al*, 272 F.R.D. 177, 183 (S.D.W. Va. 2010) (internal citations omitted). In this way, requests for admissions are not a true discovery device as they are not designed for discovery of facts, but rather to establish facts about which there is no real dispute. *Id*. (citing *Harris v. Koenig,* 271 F.R.D. 356, 372 (D.D.C. 2010); *Amergen Energy Co., LLC ex rel. Exelon Generation Co., LLC v. United States,* 94 Fed. Cl. 413, 416 (2010)).

A party's options in responding to an opponent's requests for admission are to object, admit, admit in part, deny, or indicate that after reasonable inquiry, the party has insufficient information to admit or deny. Rule 36(a)(4) and (5); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 363 (D. Md. 2012). A party has a duty to supplement a response, however that supplementation includes a party's opposition to a proponent's motion. *Id*. at 364.

A propounding party may challenge the sufficiency of a response and, where appropriate, a court may order supplementation or deem the matter admitted particularly where a party's denial or other response is evasive or in bad faith. *Ball-Rice v. Bd. of Educ. of Prince George's Cnty.*,

No. PJM-11-1398, 2013 WL 2299725, at *2 (D. Md. May 24, 2013). But relief may be inappropriate where the responding party provides an explanation that contextualizes a challenged response. *Id.* (citing *Lynn*, 285 F.R.D. at 366–67). The court must also view motions for relief under Rule 36 "in light of the purpose of requests for admission: 'to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation.'" *Singhal & Co., Inc. v. VersaTech, Inc.*, No. JKB-19-1209, 2020 WL 6119325, at *5 (D. Md. Oct. 16, 2020) (internal citations omitted). Relief may be inappropriate where the request "breed[s] additional litigation because one party is dissatisfied with the answer of another." *Id.* (quoting *Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp. 2d 71, 74 (D.D.C. 2003)).

### III.   Analysis

Turning to the case at issue, Plaintiff takes issue with Defendant's responses to three requests for admission. The first, RFA 25 asks:

> Admit that Defendant does not possess any facts to dispute [Plaintiff's] assertion that in 2016, Mr. Davis told [Plaintiff] that he would hire him for an open Housekeeping or Floor Tech position with Defendant.

Defendant's original response was to object to the term "possess" in that it could suggest Defendant having physical evidence to the contrary (such as a written document or video) versus having a witness who would deny the conversation occurred, but coupled this objection with the following denial:

> Subject to and without waiving the foregoing general and specific objections, [Defendant] denies this Request for Admission. In this same alleged conversation Plaintiff claims that Mr. Davis informed him that "they got you in the computer as a non-rehire." Given the fact that [Defendant] never designated Plaintiff as "ineligible for rehire" or "non-rehire" in its HR system, Crothall does not believe that Mr. Davis made that statement or informed Plaintiff that he would hire him in 2016.

Defendant ultimately supplemented its response, changing it to "denied." Defendant clarified in its Opposition the additional fact supporting its denial—that Mr. Davis himself disputes the conversation as asserted. (ECF No. 63 at 4).

The gist of Plaintiff's argument is that in its denial, Defendant does not indicate what facts it had in its possession as the basis for its denial. But Rule 36 does not impose that obligation. And in the absence of facts that plainly demonstrate that the denial is in bad faith or made for other improper reasons, the rule does not provide a remedy, at least at this stage. Moreover, although not required, Defendant has explained the basis for its denial both by providing context to Plaintiff's assertion (i.e., that it was part of a broader assertion referencing Defendant's computer system that has proved inaccurate) and that Defendant's own conversation with Mr. Davis contradicts Plaintiff's assertion. Mr. Davis was apparently not deposed by Plaintiff. If it does turn out that Mr. Davis in fact confirms Plaintiff's version at trial, then Judge Rubin can determine whether a remedy under Rule 37(c)(2) is appropriate, although there is nothing in the current record before the Court to suggest so.

Plaintiff also seeks to impose an obligation on Defendant to present evidence of its conversation with Mr. Davis in order to "justify" its supplementation. (ECF No. 69 at 9). The Court disagrees. As noted above, requests for admission are not a discovery tool designed to discover facts, but rather to confirm what is in dispute and what is not. Other discovery tools available to Plaintiff during the discovery period prior to its closing included the ability to depose Mr. Davis or to use other tools to gather supporting evidence.

Request for Admission 28 seeks similar information as to an alleged conversation between Plaintiff and Mr. Davis in 2017, and Defendant provided a similar response. For the reasons set

forth above with regard to RFA 25, the Court will deny Plaintiff's Motion as to the sufficiency of Defendant's response to RFA 28.

Request for Admission 27 is slightly different, requesting as follows:

> Admit that Defendant does not possess any facts to dispute [Plaintiff's] assertion that he and Mr. Davis had a conversation in 2017 about employment for an open Housekeeping or Floor Tech position with Defendant.

In response, Defendant reiterated its objection to the term "possess" as discussed above, Defendant originally answered as follows in pertinent part:

> …[Defendant] states that Plaintiff's recollection of events and conversations in 2017 is extremely weak, as is his credibility. Nonetheless, [Defendant] does not "possess" any facts at this time to dispute whether Plaintiff and Mr. Davis had a conversation in 2017 about employment for an open position.

The Court agrees that standing alone, Defendant's comment on Plaintiff's credibility would be an insufficient basis for a denial. However, Defendant goes on to admit that it does not possess any facts to dispute the conversation. And, by way of supplementation, Defendant further clarified its admission, "[Defendant] does not 'possess' any facts at this time to dispute whether Plaintiff and Mr. Davis had a conversation in 2017 about employment for an open position *with* [*Defendant*]." (emphasis added). Thus, the Court finds that Defendant's response adequately addresses the requested admission. Although it does not contain the word "admitted," it clearly is one in substance.

Because the Court finds no supplementation is necessary, the Court further denies Plaintiff's request for costs and attorney's fees.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion (ECF No. 61) is DENIED.

Dated: September 28, 2022                               _____/s/_____
                                                        J. Mark Coulson
                                                        United States Magistrate Judge