IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEVEN MONTGOMERY<br><br>**Plaintiff,**<br><br>v.<br><br>CROTHALL HEALTHCARE, INC.<br><br>**Defendant.** | **Civil Action No. 1:20-cv-01154** |

**MEMORANDUM OPINION**

Pending before the court are Defendant's Motion for Reconsideration and/or Clarification (ECF No. 60) and Defendant's Motion for Sanctions (ECF No. 68), as well as all opposition and reply papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2021). For the reasons that follow, by accompanying order, the Motion for Sanctions will be denied and the Motion for Reconsideration and/or Clarification will be denied in part and granted in part. Specifically, the Motion for Reconsideration will be denied, and the court provides below clarification of its order of July 21, 2022.

**I. MOTION FOR RECONSIDERATION/CLARIFICATION**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1083 (4th Cir. 1993). Defendant argues that it was clear error of law for the court to deny its summary judgment where the plaintiff has not established a prima facie case of retaliation or discrimination. (ECF No. 60-1, p. 5.)

"Under Federal Rule of Civil Procedure 56(a), the [c]ourt grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Eller v. Prince George's Cnty. Pub. Schs*, 580 F. Supp. 3d 154, 166 (D. Md. 2022) (citing FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under the governing law." *Id.* at 167 (quoting *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001)). In assessing a motion for summary judgment, the court must draw all inferences in favor of the non-moving party. *Id.* at 166. "It is not the district court's role to 'weigh the evidence and determine the truth of the matter' but instead to determine whether there are 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Burgess v. Bowen*, 466 Fed. Appx. 272, 276 (4th Cir. 2012). "If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows a genuine dispute exists as to material facts." *Wilson v. City of Gaithersburg*, 121 F. Supp. 3d 478, 483 (D. Md. 2015).

Defendant argues that the court should reconsider its ruling on itse Motion for Summary Judgment (ECF No. 43); alternatively, Defendant seeks clarification of the court's observation of the fact that Plaintiff cannot allege with certainty who was responsible for his alleged "'no-rehire' status is neither surprising nor fatal to his claim."

"A plaintiff may prove a Title VII retaliation claim either through direct evidence of retaliatory animus or via the application of the *McDonnell Douglas* burden-shifting framework." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021); *see Burgess*, 466 Fed. Appx. at 276 ("A three-step framework applies to the resolution of discrimination and retaliation claims where, as here, there is only circumstantial evidence."). Under the *McDonnell Douglas*

2

framework, "plaintiff must first establish a prima facie case by showing that he 'engaged in protected activity,' that his employer 'took an adverse action against [him], and that 'a causal relationship existed between the protected activity and the adverse employment activity.'" *Roberts*, 998 F.3d at 122 (quoting *Foster v. Univ. of Md. – Eastern Shore*, 787 F.3d 243, 250 (4th Cir. 2015)).  One way for a plaintiff to demonstrate that a protected activity caused an adverse action is by establishing "the existence of facts that 'suggest[] that the adverse action occurred because of the protected activity.'" *Id.* at 123 (quoting *Johnson v. United Parcel Serv., Inc.*, 839 Fed. Appx. 781, 784 (4th Cir. 2021)).  "To satisfy the third element, the employer must have taken the adverse employment action because the plaintiff engaged in a protected activity.  "Since, by definition, an employer cannot take action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case." *Dowe v. Total Action Against Poverty Roanoke Valley,* 145 F.3d 653, 657 (4th Cir. 1999).  "After a prima facie case is made, the burden shifts to the employer to show that it took adverse action for a legitimate non-retaliatory reason. If the employer makes this showing, the burden shifts back to the plaintiff to rebut the employer's evidence by demonstrating the employer's purported non-retaliatory reasons were pretext for discrimination."  *Roberts,* 998 F.3d at 122 (citing *Foster*, 787 F.3d at 250).

Defendant argues that Plaintiff cannot establish a prima facie case for retaliation because Plaintiff cannot identify with certainty the person responsible for Plaintiff's alleged "no-rehire" status – as required under the causal connection prong of the *McDonnell Douglas* framework. Specifically, in the Motion for Reconsideration, Defendant focuses on the court's finding that in light of the peculiar facts in this case, it was not fatal to Plaintiff's claim that he failed to identify the individual responsible for his alleged "no-hire" status.  (ECF No. 60-1, p. 5.)

The court's July 21 order did not include a finding that Plaintiff had failed to establish a prima facie case of retaliation.  Defendant asserts in its Motion for Summary Judgment that "Plaintiff believed [Kenny Carrington and Faye Walston] retaliated against him in violation of Title VII of the Civil Rights Act of 1964 <u>by designating him as 'ineligible for rehire' or 'do not rehire.'</u> (ECF No. 43-1, p. 1.) Defendant further acknowledged that "this supposed 'ineligible for rehire' designation in 2014 allegedly resulted in his inability to obtain re-employment with Crothall in mid-2016 and 2017, which is the adverse action claimed by Plaintiff in this case." *Id.* Defendant argued that the evidence shows that Plaintiff was never designated as "ineligible for rehire" in Crothall's HR system. *Id.* at pp. 1-2.  Defendant asserted that because the evidence in the HR system reflected that he had not be designated as "ineligible for rehire," "any contention that Mr. Carrington or Ms. Walston (or anyone) retaliated against Plaintiff by designating him in the HR system as "ineligible for rehire is verifiably false, and summary judgment should be granted in favor of Crothall." *Id.* at 2.

The court found that genuine disputes of material fact as well as considerable witness credibility issues remain that are to be left to the trier of fact.  (ECF No. 59, p. 1.)  Moreover, the court explained that it was neither surprising nor fatal to Plaintiff's claim that he cannot allege with certainty *who* at Crothall was responsible for his alleged "no re-hire" status. *Id.* at 2. However, the existence or non-existence of a "no re-hire" designation alone does not prevent Plaintiff from establishing a prima facie retaliation claim because ultimately Plaintiff was not rehired, which, as both Plaintiff and Defendant acknowledge, is the adverse action complained of in this matter.  Plaintiff established a prima facie retaliation claim by demonstrating that: (1) he engaged in a protected activity – *i.e.* filing the EEOC claim; (2) he suffered adverse action in the form of not being rehired; and that Mr. Carrington was both aware of the protected activity and

4

the decisionmaker not to rehire in 2016. *See Foster,* 787 F.3d at 251 ("…the causation standards for establishing a prima facie retaliation case and proving pretext are not identical. Rather, the burden for establishing causation at the prima facie stage is 'less onerous" (quoting *Williams v Cerberonics, Inc.,* 871 F.2d 452, 257 (4th Cir. 1989)); *Karpel v. Inova Health Sys. Servs.,* 134 F.3d 1222, 1229 (4th Cir. 1998) (finding that "[a]lthough Karpel presents little or no direct evidence of a causal connection between her protected activity and Inova's adverse action, little is required.") Accordingly, the fact that Plaintiff has not alleged with certainty *who* designated him as "ineligible for rehire" (or that the designation was in fact made) is not fatal to his claim. Plaintiff has satisfied his burden to set forth a prima facie case.

Further, the court's July 21 Order includes Defendant's failure to identify "reasons for failing to rehire Plaintiff[]" as a basis for denying Defendant's dispositive motion. Under the *McDonnell Douglas* burden shifting framework, once Plaintiff establishes a prima facie case for retaliation, the burden shifts to the defendant to offer a non-discriminatory reason for taking the adverse action. Here, in its Reply to the Motion for Summary Judgment/Opposition to Plaintiff's Cross-Motion for Summary Judgment (ECF No. 53), Defendant argues that if Plaintiff can establish a prima facie case of retaliation, Crothall offered a legitimate, non-retaliatory reason for Plaintiff's non-rehire, which is that Mr. Davis was plainly incorrect and mistaken when Mr. Davis informed Plaintiff that the "computer" system had designated him as "ineligible for rehire." (ECF No. 53, p. 34.) Once again, Defendant's focus on *who* designated Plaintiff as "ineligible for rehire" (or whether he was so designated) is misplaced and does not provide a legitimate, non-retaliatory reason for Plaintiff's non-rehire. Defendant argues that Plaintiff was never designated as "ineligible for rehire" in the HR system, and therefore Mr. Davis' assertion that Plaintiff was designated as such in the computer system is mistaken. On this basis, Defendant urges it has

5

satisfied its burden and is therefore entitled to judgment as a matter of law. Notwithstanding Defendant's contentions, it has not offered a non-retaliatory reason for not rehiring Plaintiff. Rather, Defendant merely identifies an alleged mistake made by Mr. Davis with respect to Plaintiff's status in the HR system. Mr. Davis' alleged mistake cannot serve as the reason why Plaintiff was not rehired because he was not the identified decisionmaker and even if Mr. Davis was mistaken about Plaintiff's status in the HR system, in fact, Plaintiff was ultimately not rehired. The issues raised by Defendant with respect to Mr. Davis speak to witness credibility and are best left to the fact finder at trial. Accordingly, the court's finding in its July 21 Order that Defendant omits to offer a non-retaliatory reason for the adverse action taken against Plaintiff in the form of not being rehired in 2016 is correct and supports denial of Defendant's Motions for Summary Judgment.

## II. MOTION FOR SANCTIONS

Defendant argues that Plaintiff raises a new theory that Mr. Carrington was the actual decision maker in 2016 irrespective of the computer designation issue. It further argues that the court should not consider this new theory because Plaintiff violated FED. R. CIV. P. 8(a) and 37(c)(1). (ECF No. 68, p. 7.)

FED. R. CIV. P. 8(a) provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 37(c)(1) provides:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> **(B)** may inform the jury of the party's failure; and
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Federal Rule of Civil Procedure 37(c)(1) "gives teeth" to the Rule 26(a)(2) disclosure requirements by "forbidding a party's use of improperly disclosed information at a trial, at a hearing, or on a motion, unless the party's failure to disclose is substantially justified or harmless." *3 Ace Am. Ins. Co. v. McDonald's Corp.*, No. 11-cv-3150-GLR, 2012 U.S. Dist. LEXIS 89726, 2012 WL 2523883, at *2 (D. Md. June 28, 2012) (quoting *Tokai Corp. v. Easton Enters.*, 632 F.3d 1358, 1365 (Fed. Cir. 2011)).

Defendant asserts that Plaintiff did not put it on "fair notice" of the grounds to support his "second adverse" action. Based on these contentions, Defendant asks this court to impose sanctions in the form of precluding Plaintiff from presenting this supposed "fact" and "argument" to the court or jury for consideration. (ECF No. 68, p. 22.) As previously discussed, the adverse action was Plaintiff not being rehired. The court notes that Defendant does not assert that Plaintiff violated FED. R. CIV. P. 26(a)(2), but offers that Plaintiff failed to identify Mr. Carrington as the alleged decisionmaker in his written discovery responses. In his Opposition, Plaintiff asserts that Mr. Davis advised him that Kenny Carrington was the final decision maker on Plaintiff's 2016 application for rehire. (ECF No. 49, p. 18, n. 5.) Further, Plaintiff testified under oath that Mr. Davis told him that Mr. Carrington was the decision maker. (ECF No. 50-2, p. 24, ¶¶ 19-22.)

7

Accordingly, Plaintiff has not raised a new theory of the case or presented new facts. Defendant had sufficient notice that Plaintiff identified Mr. Carrington as the decision maker on Plaintiff's 2016 application for rehire through the Opposition, Plaintiff's deposition, and the fact that Mr. Carrington is an employee of Crothall. Accordingly, Defendants Motion for Sanctions will be denied.

## CONCLUSION

For the reasons set forth herein, by separate order, the Motion for Reconsideration is denied, the Motion for Clarification is granted, and the Motion for Sanctions is denied.

/s/
Julie R. Rubin
United States District Court Judge